IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-373-FL

| | |
|---|---|
| MICHAEL DUXBURY FANNING and JENNIFER L. FANNING, | ) ) ) |
| Appellants, | ) ) |
| v. | ) ) ORDER |
| MICHAEL BURNETT, Trustee, | ) ) |
| Appellee. | ) |

This matter is before the court on appellants' motion for certification of direct appeal to the United States Court of Appeals for the Fourth Circuit and on appeal of a final order of the United States Bankruptcy Court for the Eastern District of North Carolina denying appellants' motion to incur debt. (DE 12). The issues raised have been briefed fully, and in this posture are ripe for ruling. For the following reasons, the motion is denied and the order of the bankruptcy court is affirmed.

## BACKGROUND

Appellants petitioned for relief under Chapter 13 on February 3, 2020, and shortly thereafter, John F. Logan was appointed trustee.[1] On June 5, 2020, the bankruptcy court confirmed the Chapter 13 plan presented by the parties. On May 28, 2022, appellants filed a motion to incur debt pursuant to Eastern District of North Carolina Local Bankruptcy Rules 4002-1(g)(5) and

---

[1] Michael B. Burnett, appellee, was appointed trustee on January 3, 2023.

(g)(6) in order to finance the purchase of a residence costing "no more than $1,000,000.00 with monthly payments not to exceed $3,500.00" where appellants desired to shorten the commute time to their children's private school. (Mtn to Incur Debt (DE 2-1 at 79)). The bankruptcy court denied the request at hearing on June 29, 2022, and a written order followed on July 14, 2022.

On August 9, 2022, appellants filed a motion to abrogate Local Bankruptcy Rule 4002-1(g)(5), which provides,

> After the filing of the petition and until the plan is completed, a debtor shall not incur additional debt of $10,000[.00] or more, in a single or a series of related transactions, without prior approval from the court. The debtor shall file an application to incur the debt with notice pursuant to the service chart in the Administrative Guide. If no objection is filed, the court may approve the application without a hearing.

Local Bankruptcy Rule 4002-1(g)(5). Appellants also sought to abrogate Local Bankruptcy Rule 4002-1(g)(6), which provides,

> After the filing of the petition and until the plan is completed, a debtor shall not purchase any item of property of $10,000[.00] or more with non-exempt assets without prior approval from the court. The debtor shall file an application to purchase property with notice to the chapter 13 trustee pursuant to the service chart in the Administrative Guide. If no objection is filed, the court may approve the application without a hearing.

Local Bankruptcy Rule 4002-1(g)(6). The bankruptcy court conducted another hearing on September 7, 2022, and denied the motion May 30, 2023.

Appellants timely noticed appeal. Before the parties filed their briefs, appellants filed the instant motion for certification of a direct appeal to the United States Court of Appeals for the Fourth Circuit. The bankruptcy court declined to rule on the motion on August 3, 2023, where it did not have jurisdiction under Federal Rules of Bankruptcy Procedure 8006(b) and (d). Appellants filed a brief in this court in support of certification August 7, 2023, and appellee filed a brief in opposition shortly thereafter. Appellants filed their brief in support of the merits of this appeal August 30, 2023, appellees filed their brief September 29, 2023, and appellants replied October 12, 2023. In this posture, the issues presented are ripe for ruling.

# COURT'S DISCUSSION

A.         Motion for Direct Appeal

The Bankruptcy Abuse Prevention and Consumer Act of 2005 permits bankruptcy litigants to bypass district court review in limited circumstances. 28 U.S.C. § 158(d)(2). The United States Court of Appeals for the Fourth Circuit acquires jurisdiction to hear challenges to "final judgments, orders, and decrees," 28 U.S.C. § 158(a)(1), if the district court certifies that:

> i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken."

28 U.S.C. § 158(d)(2)(A). The district court "shall make" such certification if it "determines that a circumstance specified in" any of the foregoing clauses exists. Id. § 158(d)(2)(B). If certification is made, the court of appeals decides whether to authorize a direct appeal. 28 U.S.C. § 158 (d)(2)(A). See In re Maharaj, 681 F.3d 558, 560 (4th Cir. 2012) (noting circuit court authorized direct appeal where it presented "a question of first impression in the circuit courts").

Appellants have not shown that their case meets this standard. The Fourth Circuit has addressed the boundaries of a bankruptcy court's authority to promulgate local rules as recently as 2018. No v. Gorman, 891 F.3d 138 (4th Cir. 2018); see also Associated Dry Goods Corp v. E.E.O.C., 720 F.2d 804, 809 (4th Cir. 1983) (addressing the distinction between procedural and substantive rules). None of the cases cited by appellant actually conflict with each other. Compare In re Butala, No. 15-02624-5-SWH (Bankr. E.D.N.C. July 10, 2018) (finding Local Bankruptcy Rule § 4002-1(g)(5) to be a proper exercise of the bankruptcy court's authority); In re Ripley, No. 14-01265-5, 2018 WL 735342 (Bankr. E.D.N.C. Feb. 6, 2018) (same); Higgins v. Logan, 635 B.R.

3

776, (E.D.N.C. 2021) (same).  Finally, appellants do not show that an immediate appeal would advance the progress of the case where no motion is pending at this time and where the bankruptcy court has allowed appellants to sell the residence that allegedly was inconveniencing them.  See In re: Michael Duxbury Fanning & Jennifer L. Fanning, 20-00459-5-DMW (Mar. 1, 2024).

In addition, also pending before this court in a separate, but related appeal, is a challenge to Local Bankruptcy Rule 4002-1(g)(4), which will be addressed by separate order.  See Sugar v. Burnett, 5:23-cv-082-FL.  Furthermore, there is a third bankruptcy appeal that is also related, pertaining to sanctions imposed against debtor's attorney in the foregoing case under 11 U.S.C. § 105(a), Sasser v. Burnett, Trustee et al., 5:23-cv-411-FL, which will be addressed by separate order.  Likewise, several earlier related bankruptcy appeals have been decided by this court.  Higgins v. Logan, No. 5:20-cv-156-FL (E.D.N.C. Mar. 1, 2021) (finding Local Bankruptcy Rule 4002-1(g)(5) permissible); Crosiner v. Locan et al., Nos. 5:20-cv-654, 20-cv-656 (E.D.N.C. Feb. 9, 2022) (declining to pass judgment on a Local Bankruptcy Rule where the challenge was raised for the first time on appeal).  Maintaining the instant appeal in the district court will serve to conserve judicial resources and to promote efficiencies in decisionmaking.

Accordingly, the instant motion for certification of direct appeal is denied.

B.      Appeal of Order Denying Motion to Abrogate

       1.      Standard of Review

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a) to review the bankruptcy court's orders.  "An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts."  28 U.S.C. § 158(c)(2).  "On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for

further proceedings." Harman v. Levin, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985).[2] "Legal conclusions are reviewed de novo, but findings of fact will only be set aside if clearly erroneous." Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004). A finding of fact is clearly erroneous, although there is evidence to support it, when the reviewing court, after carefully examining all the evidence, is "left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).

> If the [lower court's] account of the evidence is plausible in light of the record viewed in its entirety, the [appellate court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

Id. at 573-74.

2.  Analysis

Appellants contend that both Local Bankruptcy Rules 4002-1(g)(5) and 1(g)(6) abridge their rights, are substantive rather than procedural, and are unconstitutionally nonuniform. The court disagrees.

The court's authority to promulgate local rules stems from 28 U.S.C. § 2075, under which Congress delegated to the Supreme Court "the power to prescribe by general rules . . . the practice and procedure in cases under title 11." 28 U.S.C. § 2075. The Supreme Court in turn has issued Bankruptcy Rules, which in part authorize district courts to adopt local bankruptcy rules "by action of a majority of the judges thereof" or delegate the process to bankruptcy judges, as this court has done. Fed. R. Bankr. P. 9029; see In re Local Bankruptcy Rules, Standing Order 87-PLR-3, (E.D.N.C. Oct. 8, 1987). "A local rule of bankruptcy procedure cannot be inconsistent with the

---

[2] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

5

Case 5:23-cv-00373-FL    Document 19    Filed 03/27/24    Page 5 of 10

Bankruptcy Code," No v. Gorman, 891 F.3d 138, 141 (4th Cir. 2018), nor may it "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075.

      a.      Procedural Nature

The court takes up first appellants' argument that the Local Bankruptcy Rules at issue are substantive, rather than procedural. A procedural rule governs "the manner and means by which the litigants' rights are enforced" as opposed to a substantive "rule[] of decision by which the court will adjudicate those rights." Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 407 (2010). "The test is not whether the rule affects a litigant's substantive rights; most procedural rules do." Id.; see In re Walat, 87 B.R. 408, 411 (Bankr. E.D. Va. 1988) (Local Bankruptcy Rules "are entitled to a presumption that they were promulgated with the proper authority and do not affect substantive right[s.]").

Under this standard, both Local Bankruptcy Rules 4002-1(g)(5) and 4002(g)(6) are procedural. Local Bankruptcy Rule 4002-1(g)(5) does not impose a bar on post-petition debt of $10,000.00 or more, but simply specifies that process by which such debt may be incurred. Similarly, Local Bankruptcy Rule 4002(g)(6) does not impose a bar on purchases of $10,000.00 or more, but specifies the same process. Both rules impose only administrative requirements: the debtor must file a motion with the court, and the court may determine that a hearing is required. See Local Bankruptcy Rules 4002-1(g)(5), 1(g)(6). Neither rule promulgates a standard that the court must use to decide whether to grant the motion.

Additionally, the court finds in statute and case law no substantive right infringed by the local bankruptcy rules at issue. Appellants identify the substantive right at issue as their right to contract and "to bind themselves as they see fit." (DE 16 at 11) (quoting Severn Peanut Co. v. Indus. Fumigant Co., 807 F.3d 88, 91 (4th Cir. 2015). But it has long been recognized that

6

"freedom of contract is a qualified, and not an absolute, right," West Coast Hotel Co. v. Parrish, 300 U.S. 379, 392 (1937), and the legislature "is free to recognize degrees of harm and confine its restrictions accordingly." Id. at 413. The Bankruptcy Code itself, notably, operates as one of these restrictions when it alters the contracts of those who have bound themselves improvidently or faced financial misfortunes outside their control. See, e.g., In re Litton, 300 F.3d 636, 641-42, 646 (4th Cir. 2003) (affirming the use of the Chapter 13 process to avoid a settlement agreement with which debtors could not comply); In re Henson, 57 Fed. Appx. 136, 139 (rejecting a creditor's claim against a Chapter 13 debtor where the creditor had sought neither relief from the automatic stay of 11 U.S.C. § 362 nor adequate protection under § 3630).

Appellants also imply an argument that Local Bankruptcy Rule 4002-1(g)(5) exceeds the bankruptcy court's rulemaking authority because it abridges his substantive right to purchase a home with a mortgage. (DE 16 at 10). This court previously has addressed the same argument, in Higgins v. Logan, 635 B.R. 776, 779-81 (E.D.N.C. 2021). There, the appellant similarly had identified no "provision of the Bankruptcy Code that provides a Chapter 13 debtor with an unfettered right to incur post-petition debt," while "two statutes within the Bankruptcy Code curtail a debtor's ability to incur post-petition debt by requiring trustee approval." Id. at 779. Section 1305(c) of the Bankruptcy Code provides that a claim for post-petition consumer debt shall be disallowed if the creditor "knew or should have known that prior approval by the trustee of the debtor's incurring the obligation was practicable and not obtained," 11 U.S.C. § 1305(c) (emphasis added), and § 1328(d) prohibits a debtor from discharging a claim for post-petition consumer debt "if prior approval by the trustee of the debtor's incurring such debt was practicable and was not obtained." 11 U.S.C. § 1328 (emphasis added). Thus, "rather than abridging any substantive right, [Local Bankruptcy Rule] 4002-1(g)(5) effectuates the trustee supervision requirement codified in

7

Sections 1305(c) and 1328." Id. at 780.  Recognizing that the Bankruptcy Code did not "explicitly require a debtor to obtain <u>court</u> approval before incurring post-petition consumer debt," the court undertook a survey of precedent on the issue and agreed with those courts that have held that "a debtor not engaged in business must seek court approval before incurring post-petition debt." Id.

Appellants contend <u>Higgins v. Logan</u> was incorrectly decided, maintaining that "a debtor's ability to make purchases and incur debt" under Local Bankruptcy Rules 4002-1(g)(5) and (g)(6) and allowance of claims for post-petition consumer debts under § 1305(a)(2) are "two completely different concepts." (DE 16 at 20).  But they do not engage further with any of the court's reasoning in that case, relying instead on a House of Representatives report purporting to show that section 1305 "was intended to enhance a chapter 13 debtor's ability to incur debt, not limit it," (DE 16 at 21), and their own views of what the role of the bankruptcy court should be.  Where the Supreme Court repeatedly has admonished that "the principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor," <u>Marrama v. Citizens Bank of Massachusetts</u>, 549 U.S. 365, 367 (2007), <u>see also</u> <u>Williams v. U.S. Fid. & Guar. Co.</u>, 236 U.S. 549, 554–55 (1915), appellants' arguments that the bankruptcy court may not act in furtherance of that purpose are without merit.

Finally, in the event that an unsecured creditor objects to a proposed plan, the bankruptcy court is required to allocate all "debtor's projected disposable income" received during the commitment period to payments to unsecured creditors.  § 1325(b)(1)(B).  While the record does not show that an objection was made in this case, the existence of this provision cuts strongly against the notion that Chapter 13 debtors may make major purchases wholly outside the purview of the bankruptcy court.

8

b. Uniformity

Appellants have not shown that either Local Bankruptcy Rule at issue is unconstitutionally non-uniform.

Congress has the power to establish "uniform laws on the subject of bankruptcies throughout the United States." U.S. Const. Art. I § 8, cl. 4. "[T]he uniformity requirement does not demand that Congress forbid or eliminate . . . local variation or choice." Siegel v. Fitzgerald, 596 U.S. 464, 475 (2022); see also Hanover National Bank v. Moyses, 186 U.S. 181, 190 (1902) (rejecting a uniformity challenge to a federal bankruptcy law which incorporated state laws governing "exemptions, dower, priority of payments, and the like"). Still, it "does not permit the arbitrary, disparate treatment of similarly situated debtors based on geography." Siegel, 596 U.S. at 476.

Appellant's theory that any "minor difference in procedure[]" falls afoul of the Constitution's uniformity requirement simply is without basis in fact or law. (DE 16 at 8). Appellants have identified no inconsistency between the Local Bankruptcy Rules and the Bankruptcy Code. See No v. Gorman, 891 F.3d at 141. Likewise, appellants' argument that the Constitution "does not permit unelected bankruptcy judges to enact" any procedures that are "different than those found in other jurisdictions" (DE 16 at 18) is directly foreclosed by the Supreme Court's grant of authority to judges in each of the country's 94 district courts to "make and amend rules governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction." Fed. R. Bankr. Proc. 9029(a)(1).

In sum, appellants have not demonstrated that Local Bankruptcy Rules 4002-1(g)(5) or 1(g)(6) abridge their rights, are substantive rather than procedural, or are unconstitutionally

nonuniform. Accordingly, the bankruptcy court's challenged order applying these rules are affirmed.

## CONCLUSION

Based on the foregoing, the motion to certify this case for direct appeal (DE 12) is DENIED. The bankruptcy court's July 14, 2022, order is AFFIRMED. Because the facts and legal arguments are adequately presented in the briefs and record, the court dispenses with oral argument under Federal Rule of Bankruptcy Procedure 8019(b), as argument would not aid significantly the decisional process.

SO ORDERED, this the 27th day of March, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge